# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF WEST VIRGINIA

**DERICK FALLIN,**

    Petitioner,

v.                                                                                    **Civil Action No. 2:15cv56**
                                                                                      **(Judge Bailey)**

**J. SAAD, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION THAT APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES BE DENIED

On July 21, 2015, the *pro se* petitioner filed this petition pursuant to 28 U.S.C. §2241, along with a Motion for Leave to Proceed *in forma pauperis* ("IFP") together with a blank, unsigned Prisoner Trust Account Report without its attached ledger sheets. Pursuant to a Notice of Deficiency issued by the Clerk of Court, on August 3, 2015, petitioner filed his PTAR with the requisite Ledger Sheets.

All litigants are required to pay the costs and fees associated with civil lawsuits unless their financial condition warrants a grant of IFP status pursuant to 28 U.S.C. §1915. Therefore, if a petitioner submits a certified copy of his trust fund statement for the six-month period immediately preceding the filing of the action, then the Court may consider his request.

In this case, the petitioner denies in his affidavit that he is employed at the prison. He admits receiving money within the previous twelve months from "gifts or inheritances" and from "any other sources." Although directed in the form IFP affidavit to "describe each source of money and state the amount received and what you expect you will continue to receive[,]" petitioner did not elaborate and left that section of the affidavit blank. The July 30, 2015 PTAR completed by the Correctional Counselor indicates not only that contrary to petitioner's claim in

his IFP affidavit, petitioner has been regularly employed at the institution, earning amounts varying from $18.00 to $84.75 every month since at least January, 2015, when the ledger sheets begin, petitioner's account balance is $3,297.38. Further, petitioner frequently and regularly receives Western Union money orders in amounts varying from $50 - $400.

Accordingly, while the undersigned finds that the petitioner is a pauper, the undersigned also finds that petitioner's affidavit was untruthful and petitioner can afford to pay the filing fee. Therefore, petitioner's request to proceed without prepayment of fees (Dkt.# 2) should be **DENIED**; and the petitioner should be ordered to pay the full filing fee. The petitioner should also be warned that the failure to pay the full filing fee within the time allowed by the Court will result in the dismissal of his petition.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by August 19, 2015,** the petitioner may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on his docket sheet.

DATED: August 5, 2015

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE