IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DERICK FALLIN,**

    **Petitioner,**

**v.**                                                            **Civil Action No. 2:15cv56**
                                                                          **(Judge Bailey)**

**JENNIFER SAAD, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On July 21, 201, the *pro se* Petitioner, an inmate at FCI Hazelton in Bruceton Mills, West Virginia, filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241, seeking an Order directing the Bureau of Prisons ("BOP") to credit him with 48 months spent in state custody and apply that time to the federal sentence he is currently serving. Along with his petition, Petitioner filed a motion for leave to proceed *in forma pauperis* ("IFP") with supporting documents. The Clerk of Court issued a Notice of Deficient Pleading, directing him to file a copy of his Prisoner Trust Account Report ("PTAR") with its Ledger Sheets attached. On August 3, 2015, Petitioner filed the PTAR. By Report and Recommendation ("R&R") entered August 5, 2015, the undersigned recommended that Petitioner's motion to proceed IFP be denied. On August 14, 2015, without filing any objections to the R&R, Petitioner paid the $5.00 filing fee. By Order entered August 31, 2015, the R&R recommending that the IFP motion be denied was mooted.

By separate Order also entered on August 31, 2015, the Respondent was directed to show cause why the petition should not be granted. On September 28, 2015, the Respondent moved for an extension of time. By Order entered September 30, 2015, the extension was granted. On October 7,

2015, the Respondent filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment. Because Petitioner was proceeding *pro se,* on October 13, 2015, an Order/Roseboro Notice was issued. On October 23, 2015, Petitioner filed a response in opposition to the Respondent's dispositive motion.

## II. Facts

### A. Convictions and Sentences

On October 10, 1996, Petitioner was arrested by the Baltimore City Police Department for Possession with Intent to Distribute a Controlled Dangerous Substance ("CDS") and Distributing a CDS with a Firearm in Criminal Case No. 196312040.[1] The State of Maryland released Petitioner on bond as to the October 10, 1996 charges on October 13, 1996.[2] On October 15, 1996, Petitioner was rearrested by the Baltimore City Police Department and charged with Possession with Intent to Distribute CDS and Distributing a CDS with a Firearm and held in custody.[3]

On October 28, 1996, the United States Parole Commission ("USPC") revoked the parole Petitioner was then serving for a previous federal conviction in United States District Court for the District of Colorado, Criminal Action No. 1:80cr40-2, for "Robbery of a Savings and Loan Bank."[4] That same day, the USPC sentenced Petitioner to a 3 year and 17-day term of confinement, with all time spent on mandatory release credited to Petitioner; he was to continue serving this sentence to

---

[1] See Dkt.# 18-3 at 5, Circuit Court of Maryland, Baltimore City, Case Information for Case No. 196312040. See also Dkt.# 18-2, Declaration of Chris Mandes, BOP Management Analyst at the Designation and Sentence Computation Center ("DSCC") (hereinafter "Mandes Decl.") at 2.

[2] Dkt.# 18-2, Mandes Decl. at 2; see also Dkt.# 18-3 at 5.

[3] Dkt.# 18-2, Mandes Decl. at 2 and Dkt.# 18-3 at 5.

[4] Dkt.# 18-2, Mandes Decl. at 2 and Dkt.# 18-3, SENTRY computerized Sentence Monitoring Computation Data for Derick Fallin, Fed. Reg. No. 16127-013, dated September 4, 2015.

expiration;[5] this sentence was to run concurrent with Petitioner's state of Maryland sentence, which at that time had not yet been imposed.[6]

On April 15, 1997, Petitioner was sentenced to five (5) years of imprisonment by the State of Maryland in Criminal Case No. 196312040, for Possession with Intent to Distribute CDS and Distributing CDS with a Firearm.[7] Petitioner was paroled from the State of Maryland's Department of Corrections on March 22, 2001.[8]

On July 12, 2006, Petitioner was arrested by the Baltimore City Police Department for CDS Possession with Intent to Manufacture/Distribute/Dispense; CDS Unlawful Possession; three counts of Conspiracy; Possession with Intent to Distribute CDS-Large Amount, CDS Distribute with Firearm; and Possession of Firearms in Criminal Case Nos. 106219032 and 106219036.[9] He was released on bond as to the charges on July 14, 2006; on June 4, 2008, the charges were *Nolle Prosequi*.[10]

On July 3, 2008, Petitioner was arrested by the Baltimore City Police Department for Assault in the 2nd Degree in Criminal Case No. 1C00284397.[11] He was released on bond the following day.[12] On January 20, 2009, the charge was *Nolle Prosequi*.[13]

---

[5] Petitioner did not serve any time in *federal* custody as to Criminal Action No. 80-CR-40-2 out of the District of Colorado.

[6] Dkt.# 18-2 at 2 and Dkt.# 18-3 at 8.

[7] See Dkt.# 18-3 at 2 and Dkt.# 18-3 at 11, Maryland Department of Corrections Parole Information for Derrick Fallin, DOC # 277763, dated January 6, 2015.

[8] Dkt.# 18-3 at 11.

[9] Dkt.# 18-3 at 15 and 19, Circuit Court of Maryland Case Information for Case Nos. 106219032 and 106219036, "Charge and Disposition Information."

[10] Id.

[11] Dkt.# 18-3 at 29, District Court of Maryland Case Information for Case No. 1C00284397, Page 2, "Warrant Served ("WARS"): 7/3/2008..

[12] Dkt.# 18-3 at 30, "RELS: 7/4/2008."

On February 19, 2010, Petitioner was arrested by the Baltimore City Police Department for CDS Possession with Intent to Distribute/Manufacture/Dispense; CDS Unlawful Possession; three counts of Conspiracy, and three counts of Possession/Distribution CDS Packaging Material in Criminal Case No. 210111001.[14] He was released on bond on February 20, 2010.[15] The charges were then later *Nolle Prosequi* on August 26, 2011.[16]

On June 28, 2011, a Federal Grand Jury in the United States District Court for the District of Maryland returned an eleven-count indictment against Petitioner and six co-defendants in Criminal Action No. 1:11cr353-1; Petitioner was named in eight of the counts.[17] On July 6, 2011, Petitioner was arrested by the Bureau of Alcohol Tobacco and Firearms.[18] On May 22, 2012, pursuant to a plea agreement, Petitioner pled guilty to Count One: Conspiracy to Participate in a Racketeering Enterprise, in violation of 18 U.S.C. § 1962(d), and Count Two: Conspiracy to Commit Murder in Aid of Racketeering, in violation of 18 U.S.C. § 1959(a)(5). On August 20, 2012, Petitioner was sentenced to 180 months on Count One and 120 months on Count Two, to run concurrently, for a total term of 180 months imprisonment, with credit for time served in federal custody since July 6, 2011, to be followed by a term of 5 years supervised release on Count One, and a three years

---

[13] Id. at 29, "Charge and Disposition Information."

[14] Dkt.# 18-3 at 32, District Court of Maryland Case Information for Case No. 210111001, "Charge and Disposition Information."

[15] Id. at Page 33, "Bail and Bond Information."

[16] Id. at 35, Case Closed ("CCAS") "Event History Information."

[17] D. Md. Case No. 1:11c353-1, Dkt.# 1; see also Dkt.# 18-3 at 38 – 59.

[18] Dkt.# 18-3 at 63, United States Marshals Service Form 123 Tracking Form for Derick Fallin, USMS No. 16127-0013.

supervised release on Count Two, to run concurrently, for a total term of 5 years supervised release.[19]

The BOP prepared a sentence computation for Petitioner, based on the 180-month term of imprisonment, beginning August 20, 2012, the date his federal sentence was imposed, with prior custody credit from July 12, 2006 – July 14, 2006; July 20, 2008 – July 4, 2008; February 19, 2010 – February 21, 2010; and from July 6, 2011 – August 19, 2012.[20] Based upon this calculation, the petitioner is currently scheduled to be released from BOP custody via Good Conduct Time Release, on July 20, 2024.[21]

## B. Federal Habeas

### 1) The Petition

In the petition, Petitioner asks the Court to order the BOP to credit him for forty-eight months of time served in state custody. He alleges that he already served the time in Maryland for possession of a controlled substance and a firearm, and was later indicted on October 10, 1996 in federal court, using the same relevant conduct from his state charges as the basis for the federal charges.[22]

For relief, Petitioner seeks an Order directing the Bureau of Prisons to credit him with the appropriate jail time.

### 2) Government's Response

---

[19] See Judgment in a Criminal Case as to Derick Fallin, D. Md. Case No. 1:11cr353-1, Dkt.# 244; see also Dkt.# 18-3 at 66 – 69.

[20] Dkt.# 18-3 at 79.

[21] Id. at 78.

[22] Dkt.# 1-1 at 4.

In its Response, the Government asserts that Petitioner is not entitled to any additional credit for time spent in Maryland State custody and the petition should be dismissed because:

1) Petitioner's federal sentence did not commence until the date it was imposed, on August 20, 2012.

2) Eighteen U.S.C. § 3585(b) precludes Petitioner from receiving credit for the time he is seeking, because it has already been credited against another sentence.[23]

**3) Petitioner's Reply**

In his Reply, Petitioner reiterates his arguments and attempts to refute the Respondent's on the same, insisting that the charges for which he is presently serving his federal sentence for are the same Maryland state charges for which he has already served forty-eight months.

### III. Analysis

In general, a federal sentence commences "on the date defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> (1) as a result of the offense for which the sentence was imposed or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added).

---

[23] Dkt.# 18-1 at 8.

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, *supra* at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992) (Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

To the extent that the petitioner argues that he is entitled to prior custody credit for the entire period of April 15, 1997 to March 22, 2001 on his State of Maryland Case No. 196312040, the same is unavailing. Petitioner argues that his conviction in Maryland Criminal Case No. 196312040, for Possession with Intent to Distribute CDS and Distributing CDS with a Firearm, for which he served forty-eight months in state custody, was relevant conduct for the instant federal charges, because the federal indictment specifies that it was the same firearm used. Therefore, he argues, he "is entitled to have the time spent in state custody for the identical same conduct that he is currently incarcerated for."[24]

Here, Petitioner is seeking to apply to his instant federal sentence time that he served on unrelated state charges that occurred ten years prior to his arrest on his instant federal charges, and eleven years prior to his federal sentence on those charges. A review of Count One and Two of the June 28, 2011 federal indictment, to which Petitioner entered pleas of guilty, indicates that Petitioner was the "head of a narcotics distribution organization that transports heroin, marijuana, and cocaine from New York and the American Southwest border to Maryland. Fallin has been

---

[24] Dkt.# 1-1 at 2.

moving heroin into Maryland since at least 1996, marijuana since at least 2000, and cocaine since at least 2005."[25]

To properly apply prior custody credit, first, the date of the offense must be established. Here, both of Petitioner's federal convictions were conspiracy charges. Because conspiracy is a continuing crime, its end date is the date the conspiracy is terminated, the date the last overt act was committed for its benefit, and the date its statute of limitations begins to run.[26] Accordingly, the end date of Count One was June 28, 2011, the date of the indictment, and the end date of Count Two was "on or about" October 18, 2010, the date the final attempt was made to murder the intended victim, Calvin Sanders.[27] Therefore, in calculating prior custody credit, the BOP can consider any time spent in official detention *after the date of the offense*, be it related or unrelated to the federal offense, *that has not been credited to any other sentence*. Petitioner's 48-month state sentence had long since been served by the time he was indicted on the federal charges in June, 2011, therefore, that time could not be considered in calculating prior custody credit. Moreover, Petitioner's argument regarding receiving a 48-month state sentence for possessing the same gun used in the conspiracy is likewise unavailing. Because conspiracy is a separate crime, it may be prosecuted following conviction for the underlying substantive offense, without offending constitutional double jeopardy principles.[28]

---

[25] Dkt.# 18-3 at 39 and 50.

[26] Conspiracies are considered continuing offenses for purposes of the statute of limitations and venue. Toussie v. United States, 397 U.S. 112, 122 (1970)(superseded by statute on other grounds) (statute of limitations begins to run with the last overt act in furtherance of the conspiracy).

[27] See Indictment, Dkt.# 18-3, ¶45 at 47.

[28] United States v. Felix, 503 U.S. 378, 390 (1992)("[T]he commission of the substantive offense and a conspiracy to commit it are separate and distinct offenses ... [a]nd the plea of double jeopardy is no defense to a conviction for both offenses").

Petitioner was in exclusive federal custody at the time his federal sentence commenced on the date of its imposition, August 20, 2012, the date he was received in custody awaiting transportation to the official detention facility at which his sentence was to be served. Therefore, the only prior custody credit he was entitled to, and was awarded, were the 9 days of jail credit towards his federal sentence for the time periods in state custody from July 12, 2006 through July 14, 2006; July 2, 2008 through July 4, 2008; February 19, 2010 through February 21, 2010; and from July 6, 2011 through August 19, 2012.

Accordingly, Petitioner has earned the maximum prior custody credit to which he is entitled under 18 U.S.C. § 3585(b).

## IV. Recommendation

Based on the foregoing, the undersigned recommends that Respondent's Motion to Dismiss or in the Alternative, Motion for Summary Judgment (Dkt.# 18) be **GRANTED** and that Petitioner's § 2241 Petition (Dkt.# 1) be **DENIED and DISMISSED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, **or by March 23, 2016**, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Court Judge. **Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the

docket. The Clerk is further directed to provide copies of this Report and Recommendation to all counsel of record via electronic means.

DATED: March 9, 2016

                                                  /s/ James E. Seibert_____
                                                  JAMES E. SEIBERT
                                                  UNITED STATES MAGISTRATE JUDGE